1   HEATHER E. WILLIAMS (SBN 122664)
    Federal Defender
2   JAYA C. GUPTA (SBN 312138)
    Assistant Federal Defender
3   Office of the Federal Defender
    2300 Tulare Street, Suite 330
4   Fresno, CA  93721-2226
    Telephone: (559) 487-5561
5   Fax: (559) 487-5950

6   Attorneys for Defendant
    OMAR MANUEL RAMIREZ

7

8                   IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,              Case No. 1:17-cr-00191-DAD-BAM

12            Plaintiff,                   **DEFENDANT'S <u>UNOPPOSED</u> MOTION
                                           FOR EARLY TERMINATION OF
13  v.                                     SUPERVISED RELEASE; ORDER**

14                                         Judge: Hon. Dale A. Drozd

15  OMAR MANUEL RAMIREZ,

16            Defendant.

17

18        Defendant Omar Manuel Ramirez hereby moves this Court for early termination of his

19  supervised release pursuant to 18 U.S.C. § 3583(e)(1). This motion is unopposed by the United

20  States Attorney's Office for the Eastern District of California and the U.S. Probation Office.

21                  **PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

22        On August 3, 2017, a complaint alleging Mr. Ramirez had violated 21 U.S.C. §§

23  841(a)(1), 846, and 18 U.S.C. § 1956(h) was filed. Mr. Ramirez was arrested and following a

24  detention hearing on August 9, 2017, he was released subject to conditions. On August 17, 2017,

25  an indictment was filed charging him with one count of drug conspiracy and one count of

26  manufacturing marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846, and one count of

27  conspiracy to commit money laundering and four counts of money laundering in violation of 18

28  U.S.C. §§ 1956(a)(1)(B)(i) and (h). *See* ECF No. 21. Mr. Ramirez entered a plea of not guilty to

1  all charges.

2      On August 13, 2018, Mr. Ramirez pled guilty through a written plea agreement to one

3  count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). On

4  January 9, 2019, this Court sentenced Mr. Ramirez to 24 months imprisonment and 24 months of

5  supervised release, and recommended that he be allowed to participate in the 500-hour

6  Rehabilitation and Drug Abuse Program.

7      On October 8, 2020, Mr. Ramirez was released from custody and his term of supervision

8  began. While on supervision, Mr. Ramirez has not had any issues. He has complied with the

9  terms of his supervised release and has not incurred any violations. His term of supervision is set

10  to expire on or about October 7, 2022. To date, he has served approximately sixteen months of

11  his twenty-four month term of supervised release.

12                                  **LEGAL STANDARD**

13      18 U.S.C. § 3583(e)(1) provides that a court may "terminate a term of supervised release

14  and discharge the defendant released at any time after the expiration of one year of supervised

15  release . . . if it is satisfied that such action is warranted by the conduct of the defendant released

16  and the interest of justice." 18 U.S.C. § 3583(e)(1); *see also* 18 U.S.C. § 3564(c). Section

17  3583(e) directs the Court to consider the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

18  Termination of supervised release is not limited to cases of "exceptionally good behavior." *See*

19  *United States v. Ponce*, --- F.4th ----, 2002 WL 98133, at *3 (9th Cir. 2022) (rejecting the

20  "exceptional behavior" rule as incorrect as a matter of law, and vacating denial of early

21  termination of supervised release). Rather, the "district court enjoys discretion to consider a wide

22  range of circumstances when determining whether to grant early termination." *Id*. at *2 (citing

23  *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) and 18 U.S.C. § 3583(e)(1)).

24      On February 16, 2012, the Honorable Robert Holmes Bell, Chair of the Committee on

25  Criminal Law of the Judicial Conference, issued a memorandum to all United States District

26  Court Judges encouraging them to grant early termination of supervised release in appropriate

27  cases to reduce expenditures in the probation and pretrial services programs given the budgetary

28  constraints under which those programs were operating. Terminating "appropriate cases before

1    they reach their full term saves resources and allows officers to focus on offenders who continue

2    to pose the greatest risk of recidivism." A year and a half later, a study published by the

3    Administrative Office of the U.S. Courts found that offenders who received early termination

4    were arrested less often, for less serious charges, and were sentenced to terms of imprisonment

5    less often.[1] Accordingly, "[f]rom a policy standpoint, it appears that the above criteria, when

6    properly applied, does not jeopardize public safety."

7                                           **ARGUMENT**

8          This Court should grant Mr. Ramirez's unopposed motion for early termination of

9    supervised release. Defense counsel has conferred with Mr. Ramirez's Probation Officer, Rick

10   Tarazon, and the prosecuting attorney, Assistant United States Attorney Ross Pearson regarding

11   the propriety of early termination of supervised release. Neither oppose such a request. Further,

12   Mr. Ramirez has not had violations and has complied with all conditions, including a drug

13   testing condition, during this time on supervision, which is almost seventeen months to date or

14   approximately seventy percent of his total term of supervision. Mr. Ramirez's compliance

15   demonstrates that he is capable of living a law-abiding lifestyle and of being a productive

16   member of society.

17         Before committing the underlying offense, Mr. Ramirez had minimal criminal history

18   and was gainfully employed after having earned a Bachelor's of Science degree in plant science

19   from California State University, Fresno ("Fresno State"). He established a successful life for

20   himself in the Fresno area despite not having his parents and brother, who remained in Mexico,

21   around to help and guide him. Unfortunately, poor choices including associating with the wrong

22   people, and drug addiction led Omar to committing the underlying offense. His case showed

23   Omar the wrong path that he was on. He took responsibility for his conduct, learned from his

24   mistakes, served his time in custody, and completed the RDAP program to ensure that he

25   emerged from custody on better footing.

26         Since being released from custody Mr. Ramirez has concentrated his efforts into turning

27   his life around and leading a drug-free lifestyle. He is currently working for a construction

28

---

[1] https://www.uscourts.gov/sites/default/files/fedprob_3rd_proofs_sept13_082213e.pdf

1    company and has been employed there since March 2021. He has established a stable residence

2    and resides in an apartment in Clovis. Additionally, Mr. Ramirez's family owns rental properties

3    and farmland growing avocados in Mexico. He assists his family with managing those rental

4    properties and with harvesting the avocados they grow on over 120 acres of land. Mr. Ramirez

5    seeks early termination to be able to travel to Mexico to be able to help his family more, and to

6    spend more time with his family, especially his parents who are now elderly. Additionally, Mr.

7    Ramirez, who already holds a Bachelor's degree from Fresno State is planning on returning to

8    obtain a Master's Degree or graduate-level certification.

9          In light of Omar's excellent conduct while on supervision, the very low risk of

10   recidivism, and the aforementioned circumstances, Mr. Ramirez meets the statutory

11   requirements. It is also aligned with policy goals as it will allow the Probation Office to focus its

12   resources on those offenders who pose the greatest risk of recidivism.

13                                              **CONCLUSION**

14         Based on the foregoing, Mr. Ramirez respectfully asks this Court to grant his unopposed

15   motion for early termination of supervised release.

16

17                                              Respectfully submitted,

18
                                               HEATHER E. WILLIAMS
19                                             Federal Defender

20   Date: February 18, 2022                   */s/ Jaya Gupta*
                                               JAYA C. GUPTA
21                                             Assistant Federal Defender

22                                             Attorney for Defendant
                                               OMAR MANUEL RAMIREZ
23

24

25

26

27

28

**O R D E R**

Pursuant to 18 U.S.C. § 3583(e), and in light of the non-opposition to the granting of the motion by government counsel and the U.S. Probation Office, the Court hereby terminates Defendant Omar Manual Ramirez's term of supervised release forthwith.

IT IS SO ORDERED.

Dated:   __February 18, 2022__                    _____
                                                  UNITED STATES DISTRICT JUDGE